*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

---

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
        DECIDED NOVEMBER 16, 1922.

Indictment for receiving stolen goods; from Gwinnett superior court — Judge Fortson. June 26, 1922.

*Ernest G. Bentley, O. A. Nix,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

---

### 13790.   TAFF *v.* THE STATE.

LUKE, J. Although the evidence raises a strong suspicion of guilt, it is not sufficient to exclude every other reasonable hypothesis than that of the guilt of the defendant. It was, therefore, error to overrule the motion for a new trial.

    *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
        DECIDED NOVEMBER 16, 1922.

Indictment for attempt to commit burglary; from Fulton superior court — Judge Humphries. June 17, 1922.

Presence and conduct near where others were attempting to commit burglary, and association with them, were the circumstances relied on to convict Taff of participation in the offense. From the evidence it appeared that about eleven o'clock at night his codefendants, Philip Langley and Robert Bennett, were seen at the door of the place of business of Kokomo Tire Company in the city of Atlanta, and that Langley was working at the door with a pair of bolt cutters, with which he broke the lock, while Taff's Cadillac automobile was standing about twenty or thirty feet away on the same side of the street. Two men not then identified were in the automobile. On the approach of policemen Bennett ran away, and Langley tried to run but was caught and arrested. When this

occurred Taff was standing at a gasoline filling station diagonally across the street from the Kokomo Tire Company's place of business, and Langley said to Taff: " Tell my daddy to come down to the police station." Taff, with Langley's father, arrived at the police station about ten minutes after Langley arrived there with the policeman. Taff then admitted to the police that he had been with Langley and Bennett for a long time that evening, riding with some girls, but said that he left Langley and Bennett about fifteen minutes before the police saw them at the place mentioned above. The manager of the gasoline station, where Taff was standing when arrested, testified: " On the night of this affair the defendant Taff came in my place and stood there waiting for me to get through with another man. He had been inside the filling station a short time when we heard some shooting and went out to see what the trouble was. The police had shot at Bennett, who escaped. They had this boy Langley. I know Taff. He is a customer of mine. He comes in my place often. The police brought Langley over to the filling station. Taff left after they brought Langley over. Taff had a Cadillac car; it was parked right across from the Kokomo Tire store, within twenty feet of it, at the time the police arrested Langley. Taff had not driven his car into my filling station, and had not driven it up to the curbstone at my place, but had left it down the street a little, and had walked to my place. When he came he looked around in several directions, as if he were watching. This Cadillac car of his was . . large enough to hold a whole lot of automobile tires if they were piled up in the back of it. Within a few moments after the police brought Langley over, Taff jumped into his Cadillac car and left."

In his statement at the trial Taff said that he was a government vocational student, and that for several hours preceding the attempted burglary he had been riding in the automobile with Langley and Bennett and some girls, that after taking the girls to where the girls lived and leaving them there, he drove to the post-office and Langley got out of the car, and he (Taff) started home and stopped at the filling station to pay for gasoline he had bought there, and, while waiting for the manager, who was talking to another man, he heard shots fired and stepped out of the office and saw a boy running, and saw the officer with Langley; that he was away from Bennett and Langley for about twenty minutes

before the attempted burglary, and that when an officer asked him if he was with them when it occurred, he told the officer that he did not have the least idea of their breaking into the store. ·

*Len B. Guillebeau, A. W. Powell,* for plaintiff in error.
*John A. Boykin, solicitor-general, E. A. Stephens,* contra.